IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ZACHERY HALSELL, § | |
| (Tarrant No. 0660523) § | |
| VS. § | CIVIL ACTION NO.4:09-CV-420-Y |
| § | |
| § | |
| STATE OF TEXAS § | |

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §
1915A(B)(1) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)

This case is before the Court for review of pro-se inmate and plaintiff Zachery Halsell's case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Halsell, an inmate at the Tarrant County jail, filed a form civil-rights complaint with attachment pages seeking relief under 42 U.S.C. § 1983. He names as defendant the State of Texas.(Compl. Style; § IV(B).) Halsell complains that although he was convicted of several felonies in 1994 and sentenced to 10 years' imprisonment in the Texas Department of Criminal Justice ("TDCJ") upon his release in 2004, he was made subject to what he labels the "Civil Commitment of Sexually Violent Predators law." (Compl. § V.) He contends that as this law was not passed until 1999, he should not have been subject to its requirements. (Compl. § V.) While he was released and subjected to the condition of global positioning satellite monitoring, he was, in 2007, charged and convicted of violating the conditions of his civil commitment. (Compl. § V, attachment page 6.) After release in 2009, he was once again arrested for violating the conditions of his civil commitment, and he is presently housed on those charges in the

Tarrant County jail.[1] (Compl. § V, attachment page6.) Halsell alleges that the civil commitment requirements have amounted to a deprivation of his liberty, and a continuous infliction of unwarranted punishment. (Compl. § V, attachment 7.) He has filed a motion to enjoin his further prosecution in state court, and he seeks an order enjoining the imposition of civil commitment conditions upon him, an order directing his release from such conditions, and both compensatory and punitive monetary damages. (Compl. § VI, attachment page 8.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[2] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[3] Furthermore, as a part of the Prison Litigation Reform Act, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as

---

[1] The Court notes that Halsell has also filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in this Court, *Halsell v. Anderson*, No.4:09-CV-449-Y. The Court takes judicial notice of its own records in that case. A review of court records confirms that Halsell is being held in cause number 1143274D, pending before the 213th Judicial District Court, Tarrant County, Texas. (Anderson's October 9, 2009, Appendix in Support of Response, at E.) This court has, by separate order and judgment entered in that case, adopted the magistrate judge's recommendation to dismiss the petition without prejudice.

[2] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[3] *See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

2

possible after docketing.[4]  Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[5] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[6]

The Court concludes that Halsell's claims are not cognizable under 42 U.S.C. § 1983. Plaintiff seeks from this Court injunctive-type relief and monetary damages from the determination by Texas officials to arrest and imprison him for violations of conditions associated with civil commitment. In *Heck v. Humphrey*,[7] the Supreme Court held that a claim that, in effect, attacks the constitutionality of a conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 and does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[8] Although *the Heck* opinion involved a bar to claims for monetary damages, a dismissal of a claim for injunctive relief may also be made pursuant to *Heck*.[9]

---

[4]*See* 28 U.S.C.A. § 1915A(a)(West 2006).

[5]*See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[6]*Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[7]512 U.S. 477, 486-87 (1994).

[8]*Heck,* 512 U.S. at 486-87; *see also Wells v. Bonner,* 45 F.3d 90, 94 (5th Cir. 1995).

[9]*See Clarke v. Stadler,* 154 F.3d 186, 190-91 (5th Cir. 1998)(en banc)(holding that a claim for prospective injunctive relief that would imply the invalidity of a prisoner's conviction may be dismissed without prejudice subject

3

Plaintiff's request to have this Court enjoin the state criminal proceedings, enjoin the imposition of the civil-commitment conditions (the violation of which is the basis of his present imprisonment), release him from confinement, and award him monetary damages, if successful, necessarily would imply the invalidity of his present incarceration. Thus, such claims are not cognizable under § 1983 unless Plaintiff has satisfied the conditions set by *Heck.* In the similar context of a federal prisoner's challenge to civil-commitment proceedings under 18 U.S.C. § 4243(e), another court in this district recently held that the *Heck* bar applies "to actions by federal prisoners that implicate the validity of civil commitment proceedings."[10]  As Halsell seeks immediate release from confinement, the *Heck* rule similarly bars his claims for damages and injunctive relief. Plaintiff remains in custody and has not shown that the complained-of imprisonment resulting from the violation of conditions of civil commitment has been invalidated by a state or federal court.[11] As a result, Plaintiff's claims are not cognizable

---

to the rule of *Heck v. Humphrey*), *cert. den'd,* 525 U.S. 1151 (1999).

[10]*Ruston v. Dallas County, Texas, et al.,* No.3:07-CV-1076-D, 2008 WL 958076, at *4-5 (N.D.Tex. April 9, 2008), *appeal dism'd,* 320 Fed. Appx. 262 (5th Cir.), *cert. dism'd,* 130 S.Ct. 267 (U.S. 2009)(citing *Stephenson v. Reno,* 28 F.3d 26, 27 (5th Cir. 1994); *Huftile v. Miccio-Fonseca,* 410 F.3d 1136, 1137 (9th Cir. 2005), *cert. den'd,* 547 U.S. 1166 (2006); and  *Baptiste v. State of Montana,* No. CV 06-122-M-DWM, 2006 WL 2860590, at *3 (D.Mont. Oct. 2, 2006)(adopting order of magistrate judge).

[11]*See* footnote 1 *supra.*

4

under § 1983, and must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[12]

Therefore, Halsell's motion for an injunction (docket number 6) is DENIED. All of Plaintiff's claims are DISMISSED WITH PREJUDICE to their being asserted again until the *Heck v. Humphrey* conditions are met, under authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[13]

SIGNED December 3, 2009.

*[signature]*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[12]*See Heck*, 512 U.S. at 487-88; *McGrew*, 47 F.3d at 161.

[13]*See Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).

5